IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**YO, f/k/a Mario L. Ballard,**

  Petitioner,

v.               Civil Action No. **3:16CV366**

**HAROLD W. CLARKE,**

  Respondent.

## REPORT AND RECOMMENDATION

  Yo, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons that follow, it is RECOMMENDED that the § 2254 Petition be DENIED.

**A. Relevant Procedural History and Yo's Claims**

  Yo was convicted in the Circuit Court of Nottoway County, Virginia ("Circuit Court") of one count of malicious wounding. (ECF No. 14–1, at 1–2.)[1] On January 8, 2010, the Circuit Court entered judgment and sentenced Yo to ten years of incarceration. (*Id.* at 2.) The Court of Appeals of Virginia subsequently refused Yo's petition for appeal. (ECF No. 14–8, at 1.)

  On October 3, 2013, Yo filed a § 2254 petition in this Court, challenging his malicious wounding conviction. (*See* ECF No. 14–11, at 1–26.) By Memorandum Opinion and Order entered on July 1, 2014, the Court denied Yo's petition. *Yo v. Lester*, No. 3:13CV701, 2014 WL 2968069, at *6 (E.D. Va. July 1, 2014). The United States Court of Appeals for the Fourth

---

[1] Yo was convicted of rape in 1994 in the Circuit Court for the City of Newport News, Virginia. *See Ballard v. Cuccinelli*, No. 3:10CV524, 2011 WL 1827866, at *1 (E.D. Va. May 12, 2011). On June 12, 2007, the Circuit Court for the City of Newport News "determined that [Yo] was a sexually violent predator and ordered [Yo] to be civilly committed." *Id.* The Court discusses this conviction further in its analysis of Yo's second claim for relief.

Circuit denied a certificate of appealability and dismissed Yo's appeal. *Yo v. Lester*, 614 F. App'x 678, 679 (4th Cir. 2015). The United States Supreme Court denied Yo's petition for a writ of certiorari. *Yo v. Ratliffe-Walker*, 136 S. Ct. 1176 (2016).

On January 27, 2016, Yo filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. (ECF No. 14–14, at 1.) Yo raised the following claims for relief:

a. Ex Post Facto Clause violation for the state and federal Constitution because the Virginia Department of Corrections did an administrative transfer of the Petitioner due to a new policy it had enacted after Petitioner's sentence, requiring him to be placed at Greensville Correctional Center to participate in its sex offenders program even though he is not incarcerated for a sex crime, and because the policy initially stated that the offender had to be incarcerated for a sex crime.

b. Due Process Clause violation for the state and federal Constitution because the Petitioner was at a lower level facility, where he had earned a right to be by way of his good behavior.

c. Special law clause violation for the state and federal Constitution because the respondent has acted on a whim simply because Petitioner has a sex crime on his record, as a result taking him away from his numerous privileges.

d. Slavery abolished clause violation because the respondent kidnapped Petitioner after knowing that he was civilly committed since 2008, meaning once Petitioner is released he will be remanded to the Virginia Center for Behavior Rehabilitation.

e. Cruel and Unusual Punishment clause violation [of] the state and federal [Constitution] because Virginia has applied four penalties to Petitioner for one prior offense and they are:   civil commitment, sex offender registration, and notification, and S.O.R.T., which has increased his punishment.

(*Id.* at 4–5.)[2]   On May 10, 2016, the Supreme Court of Virginia dismissed Yo's petition, concluding that his "claims, which challenge the conditions of his confinement, are barred because the writ is not available to secure a judicial determination of any question which, even if

---

[2] The Court utilizes the pagination assigned to Yo's submissions by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in quotations from Yo's submissions.

determined in petitioner's favor, could not affect the lawfulness of his custody and detention."

(ECF No. 14–15, at 1 (citation omitted).)

On June 9, 2016, Yo filed the instant § 2254 Petition in this Court.[3] (§ 2254 Pet. 14.) In

his § 2254 Petition, Yo raises the following claims for relief:

| Claim One: | "Suspension of habeas corpus violation[.]  On May 10, 2016, the Supreme Court of Virginia dismissed the Petitioner's writ of habeas corpus without a hearing.  Likewise, it neither issued a show cause order for the above said writ." (*Id.* at 5.) |
|---|---|
| Claim Two: | "Peonage or slavery abolished clause violation[.]  The Respondent has taken the Petitioner from Lunenburg Correctional Center and placed him into the custody of Greensville Correctional Center, forcing him to partake in its Sex Offender Residential Treatment (S.O.R.T.) program.  However, Petitioner does not have a current sex offense requiring him to be at GRCC." (*Id.* at 6–7.) |

Respondent has moved to dismiss, arguing that the instant § 2254 petition is successive,[4]

that Claim One is procedurally defaulted,[5] and that Yo's claims lack merit. (Br. Supp. Mot.

---

[3] This is the date that Yo states he placed his § 2254 Petition in the prison mailing system for mailing to this Court.  The Court deems this the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[4] Respondent argues that Yo's § 2254 Petition is an unauthorized second or successive petition because Yo previously filed a § 2254 petition challenging his malicious wounding conviction. (Br. Supp. Mot. to Dismiss 7.)  In the instant § 2254 Petition, Yo refers to his conviction from Nottoway County, which is where he was convicted of malicious wounding.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996).  Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  Here, however, Yo does not appear to be challenging his conviction and sentence for malicious wounding.  Instead, he raises challenges to his state collateral proceedings, as well as the fact that he has been forced to participate in the S.O.R.T. program during his incarceration.  Respondent has not discussed how the nature of Yo's claims impact whether or not his § 2254 Petition is successive.  In light of this omission, the Court declines to find that Yo's § 2254 Petition is an unauthorized second or successive petition.

3

Dismiss 7–11, ECF No. 14.)  Yo has filed a Response.  (ECF No. 18.)  Yo has also filed a

Motion for Discovery.  (ECF No. 19.)  By Memorandum Order entered on April 25, 2017, the

Court directed the parties to submit further briefing regarding Yo's contention that he lost ninety

days of good conduct time because of his removal from the S.O.R.T. program.  (ECF No. 21, at

2.)   Both parties have responded.   (ECF Nos. 23, 24.)   As explained below, it is

RECOMMENDED that Yo's claims be DISMISSED and that Yo's Motion for Discovery be

DENIED.

**B.     Analysis**

      **1.     Applicable Constraints upon Habeas Review**

      In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that

he is "in custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2254(a).  The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996

further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus.

Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted

only by clear and convincing evidence."  *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008)

(citing 28 U.S.C. § 2254(e)(1)).  Additionally, under 28 U.S.C. § 2254(d), a federal court may

not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state

court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

---

[5] Although Respondent's procedural default argument with respect to Claim One is viable, the
Court chooses to recommend dismissal of Claim One because it does not provide any basis for
federal habeas relief.

28 U.S.C. § 2254(d).  The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

### 2.   Claim One

Yo's first claim does not provide any basis for federal habeas relief.  "[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal *habeas corpus* relief." *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (citing cases).  Yo's first claim provides no basis for federal habeas relief because Yo is detained as a result of the underlying state conviction, not the state collateral proceeding. *See Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008).  Accordingly, it is RECOMMENDED that Claim One be DISMISSED.

### 3.   Claim Two

In Claim Two, Yo states:

> Peonage or slavery abolished clause violation[.]  The respondent has taken the Petitioner from Lunenburg Correctional Center and placed him into the custody of Greensville Correctional Center, forcing him to partake in its Sex Offender Residential Treatment (S.O.R.T.) program.  However, Petitioner does not have a current sex offense requiring him to be at GRCC.

(§ 2254 Pet. 6–7.)  As relief, Yo requests "that the Court declare that the Respondent violated the Petitioner's rights by forcing him to participate in its S.O.R.T. program and any other relief to which Petitioner may be entitled." (*Id.* at 14.)

#### a.   Peonage or Slavery Allegation

Yo first contends that his placement in the S.O.R.T. program is akin to "[p]eonage or slavery." (§ 2254 Pet. 6.)  The Court construes Yo's allegation to assert that his placement in the S.O.R.T. program violated the Thirteenth Amendment of the United States Constitution, which

provides that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII. "[T]he term 'involuntary servitude' necessarily means a condition of servitude in which the victim is forced to work for the defendant by the use or threat of physical restraint or physical injury, or by the use of threat or coercion through law or the legal process." *United States v. Kozminski*, 487 U.S. 931, 952 (1988). Nevertheless, "[t]he Thirteenth Amendment permits involuntary servitude without pay as punishment after conviction of an offense, even when the prisoner is not explicitly sentenced to hard labor." *Smith v. Dretke*, 157 F. App'x 747, 748 (5th Cir. 2005) (citations omitted); *see Murray v. Miss. Dep't of Corr.*, 911 F.2d 1167, 1168 (5th Cir. 1990) ("Compelling an inmate to work without pay is not unconstitutional."). Yo does not explain, and the Court does not discern, how, by being placed in S.O.R.T., he has been forced to work without receiving pay. Accordingly, Yo's argument that his placement in the S.O.R.T. program violated the Thirteenth Amendment lacks merit.

**b.    Ex Post Facto Allegation**

In his Response, Yo contends that his placement in the S.O.R.T. program also violates the Constitution's Ex Post Facto Clause because the S.O.R.T. program did not exist when he was convicted of a sex offense two decades ago. (Resp. 1, ECF No. 18.)

Article I, Section 10 of the United States Constitution prohibits the passing of any "ex post facto Law." U.S. Const. art. I, § 10. The Supreme Court has "held that the [Ex Post Facto] Clause is aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.'" *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 504 (1995) (quoting *Collins v. Youngblood*, 497 U.S. 37, 43 (1990)).    This prohibition applies to

administrative regulations that have been promulgated pursuant to statutory authority.  *See Garner v. Jones*, 529 U.S. 244, 250 (2000).  "The ex post facto inquiry has two prongs:  (1) whether there was a change in the law or policy which has been given retrospective effect, and (2) whether the offender was disadvantaged by the change."  *Richardson v. Pa. Bd. of Prob. and Parole*, 423 F.3d 282, 287–88 (3d Cir. 2005) (citing *Weaver v. Graham*, 450 U.S. 24, 29 (1981)).

Here, Yo contends that his "sentence has increased because he is being forced by the Respondent to participate in its [S.O.R.T.] program."  (Resp. 1.)  Yo argues that his "sex offense conviction is over twenty (20) years old thus [the] S.O.R.T. program applied to him violates the Ex Post Facto Clause . . . because [S.O.R.T.] did not exist at the time of his conviction."  (Pet'r's Supp. Resp. 4, ECF No. 24.)  However, an inmate's placement in treatment programs such as S.O.R.T. and involuntary civil commitment following that inmate's classification as a sex offender does not violate the Ex Post Facto Clause, even if the treatment program is based upon conduct which occurred prior to the enactment of the program.  *See Kansas v. Hendricks*, 521 U.S. 346, 370–71 (1997) (concluding that Kansas's Sexually Violent Predator Act did not violate the Ex Post Facto Clause); *Neal v. Shimoda*, 131 F.3d 818, 824–27 (9th Cir. 1997) (rejecting inmates' claim that placement in sex offender treatment program based upon acts they committed prior to the program's establishment violated the Ex Post Facto Clause).  Yo has not alleged, and the Court cannot discern, how his sentence increased simply by his placement in the S.O.R.T. program.  *See Fox v. Craven*, CV05–494–S–LMB, 2007 WL 2782071, at *6–7 (D. Idaho Sept. 21, 2007) (rejecting claim that inmate's placement in sex offender treatment retroactively lengthened his sentence because he could not be paroled until he completed the program as inmate had no vested right in a particular parole date).  For these reasons, Yo's Ex Post Facto argument is also meritless.

7

**c.   Loss of Good Time Credits and Placement in S.O.R.T.**

Respondent contends that Claim Two does not state a claim for relief under § 2254 because Yo "only raises this conclusory statement contesting the conditions of his confinement; he does not argue that he is in custody in violation of the United States Constitution." (Mem. Supp. Mot. Dismiss 11, ECF No. 14.)  In response, Yo contends that he has properly brought his claim under § 2254 because, "should he leave the S.O.R.T. program for reasons, such as signing out or having been removed for disciplinary action, he would then lose his good conduct allowance as for [sic] his penalty." (Resp. 3.)  Moreover, in his response to the Court's August 4, 2016 Memorandum Order directing Yo to show cause as to why the action should not proceed under 42 U.S.C. § 1983, Yo stated that he "ha[s] had ninety (90) days of good conduct allowance taken from [him] because [he has] been removed from the S.O.R.T. . . . program." (ECF No. 7, at 1.)

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  The United States Court of Appeals for the Fourth Circuit has concluded that a challenge to the loss of vested good time credits "sounds in habeas." *Royster v. Polk*, 299 F. App'x 250, 251 (4th Cir. 2008) (citing *Preiser*, 411 U.S. at 489; *Plyler v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997)).

Here, the record reflects that Yo has not lost any good time credits as a result of any failure to participate in the S.O.R.T. program.  Yo entered the custody of the Virginia Department of Corrections ("VDOC") on July 8, 2010. (Resp't's Supp. Resp. Attach. 1 ("Brown Aff.") ¶ 6, ECF No. 23–1.)  At that time, Yo was assigned to Earned Sentence Credit ("ESC") Level 1, thereby earning 4.5 days of ESC for every thirty (30) days served. (*Id.* ¶¶ 9, 11.)  His

8

projected good time release date was calculated to be March 14, 2018. (*Id.* ¶ 11.) In 2016, Yo was convicted of a disciplinary charge; however, the institutional conviction was later expunged from his record. (*Id.* ¶ 12.) On August 15, 2016, Yo was assigned to ESC Level 4, thereby earning no ESC. (*Id.* ¶¶ 9, 13.) However, he was reassigned to ESC Level 1 on August 16, 2016. (*Id.* ¶ 13.) "For purposes of the calculation of [Yo's] projected good time release date, being in class Level 4 for one day had absolutely no impact on his anticipated release date. When [Yo's] conviction was expunged, his anticipated good time release date was recalculated to March 14, 2018." (*Id.* (citations omitted).)

In an unsworn Supplemental Response, Yo contends that "he was convicted for having been removed from the S.O.R.T. program, and that his earned ninety (90) days [good time credit] was, indeed, taken as a result of it . . . ." (Pet'r's Supp. Resp. 4.) Even if Yo did lose ESC as a result of his removal from the S.O.R.T. program, the record conclusively establishes that any lost ESC was returned to him as of August 16, 2016, when Yo's institutional conviction was expunged and he was reassigned to ESC Level 1. Accordingly, Yo's challenge regarding the loss of ESC is meritless.

Throughout his pleadings, Yo also challenges his placement into the S.O.R.T. program. Yo seeks a declaration that his placement in the S.O.R.T. program was unconstitutional because he is not currently serving a sentence for a sex offense. (§ 2254 Pet. 14.) Although Yo has already served his sentence for his rape conviction and is not currently serving a sentence for a sex offense, success on this challenge would not result in Yo's early release from custody. Instead, Yo would only be relieved of participating in the S.O.R.T. program.

"A civil rights action under § 1983 is the appropriate vehicle to challenge the conditions of confinement, but not the fact or length of the confinement." *Brown v. Johnson*, 169 F. App'x

155, 156 (4th Cir. 2006) (citing *Preiser*, 411 U.S. at 498–99).  To the extent that Yo challenges his placement in the S.O.R.T. program, he is challenging a condition of his current confinement. Thus, his claim is not cognizable under § 2254 and instead must be raised in an action brought under 42 U.S.C. § 1983.[6]  *See Neal*, 131 F.3d at 823–24 (concluding that inmates' challenge to being labelled as sex offenders and being required to complete sex offender treatment was properly brought under § 1983); *Mackey v. Archuleta*, No. 14–cv–01162–GPG, 2014 WL 6461399, at *3 (D. Colo. Nov. 18, 2014) (citation omitted) (concluding that challenge to administration of sex offender treatment was not cognizable under 28 U.S.C. § 2241 and was instead "appropriate in a civil rights action pursuant to § 1983"); *Mittelstadt v. Wall*, No. 14–cv–423–jdp, 2014 WL 5494169, at *2 (W.D. Wis. Oct. 30, 2014) (noting that claim challenging placement in sex offender treatment was not cognizable under § 2254 and was "properly brought in a civil rights action under 42 U.S.C. § 1983"); *Ponicki v. Minnesota*, No. 10–cv–4527 (SRN/TNL), 2013 WL 2483068, at *9 (D. Minn. June 10, 2013) (citations omitted) (concluding that inmate's sex offender treatment "claim challenges a condition of his confinement, not the fact or duration of his confinement"); *Sledge v. Thaler*, No. 3:10–CV–0456–P (BH) ECF, 2010 WL 2817044, at *6 (N.D. Tex. June 28, 2010) (citations omitted) (concluding that petitioner's claim that he was unconstitutionally required to participate in sex offender treatment while on parole was not cognizable under § 2254 because "success in his challenge[] to th[is] requirement[] would not result in an earlier release from custody"), *R&R adopted by* 2010 WL 2817040 (N.D. Tex. July 14, 2010).

---

[6] In his Supplemental Response, Yo requests relief in the form of $400,000.00 in punitive damages and $350,000.00 in compensatory damages. (Pet'r's Supp. Resp. 6.) However, habeas corpus "is not an appropriate or available federal remedy" for damages claims. *Preiser*, 411 U.S. at 494; *McKinney-Bey v. Hawk-Sawyer*, 69 F. App'x 113, 113–14 (4th Cir. 2003) (noting that "an action for monetary damages is properly pursued by way of a civil rights action").

In sum, it is RECOMMENDED that Claim Two be DISMISSED to the extent that Yo asserts challenges regarding violations of the Thirteenth Amendment and the Ex Post Facto Clause and the loss of ESC. To the extent that Yo asserts a challenge to his placement in the S.O.R.T. program, it is RECOMMENDED that Claim Two be DISMISSED WITHOUT PREJUDICE to Yo's right to raise his challenge in an action brought pursuant to 42 U.S.C. § 1983.

**C.     Yo's Motion for Discovery**

In his Motion for Discovery, Yo requests that Respondent "send him the names of all the inmates at [Lunenburg Correctional Center] who are currently incarcerated for a sex crime who also ha[ve] less than thirty (30) months before being released." (ECF No. 19, at 1.) He also requests that Respondent provide the S.O.R.T. "policy from when it was first enacted even all of its revised versions." (*Id.* at 2.) Rule 6(a) of the Rules Governing Section 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure . . . ." Rules Governing § 2254 Cases R. 6(a). Good cause for discovery under Rule 6(a) is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is[] entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 909 (1997) (citation omitted). The Court fails to discern, and Yo fails to explain, how the purported discovery he seeks is necessary for the resolution of this action. Yo fails to demonstrate good cause to warrant discovery. Accordingly, it is RECOMMENDED that his Motion for Discovery (ECF No. 19) be DENIED.

**D.     Conclusion**

For the foregoing reasons, it is RECOMMENDED that the Court GRANT Respondent's Motion to Dismiss (ECF No. 12) and DISMISS Yo's claims. It is further RECOMMENDED

11

that Yo's § 2254 Petition be DENIED, Yo's Motion for Discovery (ECF No. 19) be DENIED, and the action be DISMISSED.

Yo is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Yo and counsel of record.

It is so ORDERED.

/s/

Roderick C. Young
United States Magistrate Judge

Date: June 20, 2017
Richmond, Virginia